672 P.2d 187

Marvin E. SMITH, II, Plaintiff/Appellee,

v.

The UNIVERSITY OF ARIZONA, By and Through the BOARD OF REGENTS, its governing body, Defendant/Appellant.

No. 2 CA-CIV 4493.

Court of Appeals of Arizona, Division 2.

May 16, 1983.

Rehearing Denied Oct. 3, 1983.

Richard Parrish, Tucson, for plaintiff/appellee.

DeConcini McDonald Brammer Yetwin & Lacy, P.C. by John R. McDonald, Tucson, and Stephen K. Smith and Glenn A. Brockman, Phoenix, for defendant/appellant.

## OPINION

HOWARD, Chief Judge.

The issue in this case is whether the trial court erred in ordering the University of Arizona to grant tenure to appellee, an assistant professor who was hired in 1973. We hold that it did and reverse with directions.

Each department at the University of Arizona is required to have a standing committee to advise the department head on matters of faculty re-employment, non-retention, promotion or tenure. University of Arizona Faculty Manual § 8.08 (14th ed. 1977).[1] At the end of six years' service an assistant professor has a right of tenure review under § 8.13 of the faculty manual. The standing committee makes its recommendation to the department head or dean who in turn makes a recommendation under § 8.13, which reads as follows:

"Before the end of the sixth year of service in the rank of assistant professor,

1. The parties stipulated that the 1977 edition of the faculty manual would govern in this case.

the assistant professor shall be informed in writing by the department head or dean that he or she is being recommended for: (a) promotion to the rank of associate professor with tenure; or (b) for appointment for a seventh and terminal year as assistant professor (see Section 8.06); or (c) for appointment as a lecturer with tenure (see Section 8.02); or (d) for a temporary appointment to a position which entails no teaching duties and which is not of voting faculty status. The letter will state further, in the case of option (d), that there is no prospect of reconsideration for faculty status."

The recommendation then goes to the Board of Regents under § 8.03 of the faculty manual. The Board of Regents can either accept or reject the recommendation.

During the fall semester of 1979, after appellant's sixth year of service, the executive vice president of the university, A.B. Weaver, wrote to appellee's department head informing him that appellee was not tenure eligible in accordance with the faculty manual, that appellee need not be considered for promotion and that appellee was considered as an academic professional, as defined in the faculty manual. He also stated that appellee was on temporary status and that there was no commitment to him of a permanent position in the department of radio-television or any continuing opportunities for teaching if the best interest of the department indicated otherwise. Mr. Weaver's position was contrary to previous correspondence which indicated that appellee was in "tenure track."

Due to Mr. Weaver's position, appellee filed this lawsuit. The trial court ruled that appellee should have undergone promotion and tenure review not later than the spring of 1979; that the university breached its employment agreement by not following the provisions of faculty manual § 8.13. It then ordered that appellee "... be advanced immediately and without delay to the position of Associate Professor with tenure at the University of Arizona; That the promotion to Associate Professor with

tenure be made retroactive to the beginning of the fiscal year 1979–80 ...."

The vice in the trial court's order is its failure to recognize that appellee did not have any *right* to tenure. The only right he did have under the university tenure system was the right to tenure *review,* and a recommendation by the department head. Even then the Board of Regents has the option to accept or reject the recommendation since there is no automatic right to tenure in the university system. Furthermore, there is no tenure by default. Cf. *Cusumano v. Ratchford,* 507 F.2d 980 (8th Cir.1974), cert. den. 423 U.S. 829, 96 S.Ct. 48, 46 L.Ed.2d 46 (1975).

The order of the trial court is vacated and set aside and the trial court is directed to enter an order requiring the University of Arizona to grant appellee a tenure review pursuant to University of Arizona Faculty Manual § 8.13 (14th ed. 1977) and to any other pertinent sections of the manual, with the proviso that if the Board of Regents grants tenure that such tenure be retroactive to the academic year 1979–80.

HATHAWAY and BIRDSALL, JJ., concur.